# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**MICHAEL J. DONOVAN,**<br><br>                              **Debtor** | Chapter 7<br>Case No. 06-11183-RS |

## MEMORANDUM OF DECISION ON
## MOTION OF THE IRS TO LIFT AUTOMATIC STAY

Before the Court is the motion of the United States of America, by its Internal Revenue Service ("IRS"), for relief from the automatic stay to levy on certain property held by a nondebtor third party, PathoCon, Inc. ("PathoCon"), and to apply the proceeds therefrom to the Debtor's prepetition federal income tax debts ("Stay Motion"). The Debtor, Michael J. Donovan, and PathoCon have filed oppositions to the Stay Motion ("Opposition")[1]; the Chapter 7 Trustee has not.

### Factual Background

On April 27, 2006, the Debtor commenced the within Chapter 7 case ("Petition Date") ("Case"). A Chapter 7 trustee has been appointed in the Case and is acting in that capacity ("Trustee"). In his debt schedules, the Debtor lists $4,898,931 in disputed income tax debt, as follows: $4,319,910 to Commonwealth of Massachusetts; $535,929 to the United States (IRS); and $43,092 to the state of California. On May 12, 2005, the IRS has filed a notice of federal tax lien against all assets of the Debtor.

The Debtor is engaged in the business of molecular pathology consulting. Initially, he operated

---

[1] PathoCon's response to the Stay Motion denies most of the averments in the motion but takes no position on the motion itself. At the hearing on this motion, PathoCon made clear that it takes the same position on the motion as does the Debtor. References to the Opposition include PathoCon's opposition.

that business as a sole proprietorship under the name "PathoCon." In 2004, PathoCon was incorporated and became a subsidiary of DoggieDay Holdings, Inc. ("DoggieDay"). The Debtor became an employee, director, and 26% owner of DoggieDay. He is neither an owner nor officer nor director of PathoCon but claims to be its employee.

Aureon Biosciences Corporation ("ABC") is a client of PathoCon. On the Petition Date, ABC owed PathoCon approximately $37,000 for services rendered largely if not solely by the Debtor as a PathoCon employee ("ABC Payable"). Before the Petition Date, and on account of a taxpayer identified as "Pathocon Inc alter ego of Michael J. Donovan," the IRS sent to ABC two notices of intent to levy, seeking to collect from ABC any PathoCon property then held by ABC, presumably targeting the ABC Payable.

Upon the commencement of the Case, apparently concerned that its levy on the ABC Payable would be a violation of the automatic stay, the IRS filed the Stay Motion. The motion seeks relief from the automatic stay to enforce the notices of levy served upon ABC and to apply the proceeds thereof to the Debtor's tax liabilities. The motion states two bases for relief from stay. *First,* the IRS alleges as cause for relief from stay that the Debtor has acted in bad faith: specifically, by failing to join PathoCon as a co-debtor in the Case notwithstanding PathoCon's status as the Debtor's alter ego. *Second,* the IRS alleges that relief from stay is warranted as adequate protection for the IRS's secured claim against the Debtor's assets. In their objections to the motion, the Debtor and PathoCon deny that PathoCon is the Debtor's alter ego, arguing that the IRS has not made the factual showing required under Massachusetts law to establish that legal status.

After the Debtor filed his Opposition, the IRS filed a supplement to its motion, by which it demanded additional relief: leave to levy against postpetition receivables of PathoCon, as the Debtor's

2

alter ego, or against any other entity whom the IRS determines to be the Debtor's alter ego, in satisfaction of the Debtor's prepetition federal tax obligations for years 2000 through 2004. As cause for this additional relief, the IRS contends that the debt in question is, without dispute, excepted from discharge, and that relief from stay should be granted where a debt is excepted from discharge and the recovery will not affect the Chapter 7 Trustee's ability to recover for the estate.

On May 30, 2006, the Court held a nonevidentiary hearing on the Stay Motion, as supplemented, and the Opposition. Based on the representations, arguments and pleadings then submitted, the Court deferred ruling on the Stay Motion pending an evidentiary hearing to inquire further into the IRS's alter-ego contention for relief from stay purposes. On August 3, 2006, the Court conducted that evidentiary hearing. Based upon the testimony and documents presented, the written submissions of the parties, the arguments of counsel and applicable law, the Court makes the following findings and rulings.

## Discussion

It is axiomatic that the automatic stay bars debt collection and enforcement action against a debtor on account of prepetition debts and against property of the estate and, in addition, bars lien enforcement action against property of a debtor with respect to prepetition claims. 11 U.S.C. § 362(a). Here, however, the IRS does not seek to proceed against the Debtor himself, but against a separate entity, PathoCon, Inc. Nor is the IRS seeking to proceed against an asset of the Debtor. The targeted assets are receivables of PathoCon; the Debtor disavows any interest in them. Nor are those

3

receivables presently assets of the Debtor's bankruptcy estate.[2] Therefore, the action for which the IRS seeks relief from stay is one to which the automatic stay does not apply in the first instance. No relief from the stay is necessary. The enforcement of an IRS levy in respect of receivables of PathoCon, or against any other entity whom the IRS determines is an alter ego of the Debtor, is not barred by the automatic stay, and the IRS need not obtain relief from the automatic stay in order to enforce that levy or prosecute its claims against the alter ego.

If PathoCon is aggrieved by such enforcement, it may defend against it in an appropriate forum other than the bankruptcy court on the merits of the IRS's claim. The automatic stay, however, is not a refuge for nondebtor parties to resist creditor action against property that is neither property of the estate nor of the Debtor.

     A separate order will enter declaring that the automatic stay is not applicable to the actions the IRS contemplates.

Date: August 7, 2006                      /s/ Robert Somma
                                         Robert Somma
                                         United States Bankruptcy Judge

cc:  Ira Grolman, Esq., for Debtor
     Gary Cruickshank, Esq, for PathoCon, Inc.
     Joseph Butler, Esq., Chapter 7 Trustee
     Michael R. Fiore, Esq., for IRS

---

[2] Were the Trustee to bring an alter ego action against PathoCon, he could possibly recover those receivables for the bankruptcy estate, but the Trustee, having asserted no objection to the present motion, apparently has no intention of bringing such an action. Therefore, the prosecution by the IRS of its rights under an alter ego theory will have no effect on the estate. This Court expresses no opinion on the merits of the alter ego claims that might be asserted against PathoCon, either by the Trustee or by the IRS.